IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 20 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

| | |
|---|---|
| JESUS FRANCISCO CHAVEZ-SALGADO, § § Movant, § § VS. § § UNITED STATES OF AMERICA, § § Respondent. § | NO. 4:11-CV-550-A (NO. 4:09-CR-079-A(1)) |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jesus Francisco Chavez-Salgado under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. His motion alleges eight grounds for relief.[1] Having reviewed the motion, the record, and applicable legal authorities, the court concludes that none of the grounds have merit and that the motion should be denied.

I.

Background

On May 12, 2009, movant was indicted on a single count of conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1)

---

[1] Grounds III, IV, V, VI, VII, and VIII in this court's opinion and order are listed in the motion as grounds IV, V, III, IV, VI, and VII, respectively. Mot. at 22-23, 30, 32, 34, 39. For ease of reference, the court has renumbered the first ground IV in the motion as ground III, ground V as ground IV, ground III as ground V, the second ground IV as ground VI, ground VI as ground VII, and ground VII as ground VIII. See infra III.B.

and 841(b)(1)(a). After a jury trial, movant was convicted on the charge in the indictment on August 25, 2009. The district court sentenced to a 121-month term of imprisonment and five years of supervised release on December 24, 2009.

At trial, the government had called two witnesses, Officer Eric Martinez and Officer Jesus Cisneros, who had both posed as undercover officers during the investigation of the case. Officer Martinez testified at length about the nature and extent of movant's involvement in the conspiracy. At the close of government's case, movant moved for a judgment of acquittal, arguing that there was no evidence of any agreement by movant and the other defendants, and also no evidence that the defendants agreed to distribute more than five kilograms of cocaine. The district court denied the motion. In his defense, movant called two character witnesses. At the close of all evidence, the district court denied a second motion for acquittal. The district court also overruled movant's objection to the submission to the jury the issue of whether the conspiracy involved more than five kilograms of cocaine.

At sentencing, movant objected to the use of ten kilograms of cocaine to calculate his sentence, arguing that the amount attributed should be less than five kilograms. The district court overruled the objection, specifically noting that the jury

2

had found the amount of cocaine attributable to the conspiracy was more than five kilograms.

Movant timely appealed his sentence. The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence on October 6, 2010. United States v. Chavez-Salgado, 397 Fed. App'x. 80, 87 (5th Cir. 2010). Movant timely filed a motion seeking relief under 28 U.S.C. § 2255, to which the court now turns its attention.

II.

Treatment of Section 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if

3

condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

### III.

### Grounds of Motion

Movant has presented eight grounds for relief in his motion. The court first addresses counsel's duty to investigate and present evidence and testimony at trial (ground I). The court then turns to the issues already addressed on direct appeal, concerning the sufficiency of the evidence to show that movant was involved in a conspiracy to distribute more than five kilograms of cocaine (grounds II, V), the district court's attribution of ten kilograms to movant for purposes of sentencing (grounds III, VI), and the district court's refusal to give movant's requested jury instruction as to mens rea (ground IV). Finally, the court turns to the issues barred by procedural default, regarding alleged violations of movant's Fifth and Sixth Amendment rights (ground VII) and the district court's imposition of a sentence above the recommended sentencing guidelines (ground VIII).

A.   Counsel's Duty to Investigate and Present Evidence

In ground I of his motion, movant asserts that his "[c]ounsel failed to conduct rudimentary investigation, or present evidence during trial that was readily available for

[his] defense." Mot. at 12. To prevail on a claim of ineffective assistance of counsel, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

The thrust of movant's Strickland claim is that counsel failed to conduct an adequate investigation or to review and use available testimony and documentary evidence during trial. Movant was required, but failed, to "allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). In his motion, he does not allege any information counsel could have uncovered in an

5

investigation or in any interviews or how such unspecified information would have changed the outcome of the proceeding. Nor does movant identify with any specificity the documentary evidence he contended counsel should have considered or how it would have changed the outcome of the case. Although he mentions the "federal agent's reports from Chavez-Salgado['s] attempts to communicate with the officer," Mot. at 15, he does not identify which federal agent, the substance of any communications, or the dates of such reports. His allusion of "critical sources of exculpatory evidence," id. at 17, is even more vague, as it fails to reference any examples to follow.

As to his complaint that counsel failed to "review and utilize" testimony from uncalled witnesses on his behalf, id. at 15, "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002). Here, movant has failed to identify even one witness he claims defense counsel could have called. Nor does he attempt to explain what testimony any uncalled witness would have provided or show that any such witness would have even agreed to testify on his behalf. Movant's failure to meet all of these requirements is fatal to his Strickland claim of ineffective assistance of counsel.

6

B.   <u>Issues Decided Adversely on Direct Appeal</u>

The issues in grounds II through VI of the motion have already been raised on direct appeal and decided adversely to movant by the Fifth Circuit. Those issues, which the court has renumbered for ease of reference, are described as follows: Ground II of the motion asserts three points of error. The first two points argue that the district court erred when it denied movant's motion for judgment of acquittal at the close of the government's case and when it denied movant's renewed motion at the close of all of the evidence. Mot. at 18. The third point contends that the district court erred when it overruled his objection to the submission to the jury the allegation that the conspiracy involved more than five kilograms of cocaine. <u>Id.</u>

In ground III,[2] movant argues that the district court erred when it found him accountable for ten kilograms of cocaine at sentencing. <u>Id.</u> at 22. In ground IV,[3] movant contends that the district court erred when it denied his request for a jury instruction stating that the government must prove mens rea for the drug quantity. <u>Id.</u> at 23. In ground V,[4] movant contends that the government failed to establish that the coconspirators

---

[2] The court has renumbered the first ground IV on page 22 of the motion as ground III.

[3] The court has renumbered ground V on page 23 of the motion as ground IV.

[4] The court has renumbered ground III on page 30 of the motion as ground V.

7

themselves reached an agreement to purchase more than five kilograms of cocaine. Id. at 30. In ground VI,[5] movant further contends that the error in the amount of drugs he was convicted of possessing affected his sentence. Id. at 24.

Each of these grounds were raised on direct appeal and decided adversely to movant. See Chavez-Salgado, 397 F. App'x at 84-87. Issues raised and disposed of in an appeal from a judgment of conviction may not be considered in a motion pursuant to § 2255. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). Thus, movant is not entitled to relief on any of these grounds.

C. **Allegations of Fifth and Sixth Amendment Violations and Unreasonable Sentence of Imprisonment**

Grounds VI and VII asserted by movant in his motion were not raised previously on direct appeal. Thus, on collateral review he must show "cause" and "prejudice" for his procedural default on both issues. See Shaid, 937 F.2d at 232 (stating that a defendant cannot raise an issue for the first time on collateral review without showing both "cause" and "prejudice"). In ground VI,[6] movant complains that under the Fifth and Sixth Amendments, he has a right to have the jury "determine" and "find him guilty

---

[5] The court has renumbered the second ground IV on page 32 of the motion as ground VI.

[6] The court has renumbered ground VI on page 34 of the motion as ground VII.

or innocent on each allegation of criminal facts." Mot. at 35. His argument is not clear, but he seems to allege that the pre-sentence report in his case was used "as a tool to deprive him of his constitutional rights." Id. at 35. Other than that, he does not elaborate further on the cause of the alleged violations of his Fifth and Sixth Amendment rights. In ground VIII,[7] he complains that the court impermissibly sentenced him to a term of imprisonment above the range recommended by the U.S. Sentencing Guidelines. Id.

The court concludes that movant has shown neither cause for his procedural default nor prejudice resulting from either alleged error, and moreover, he does not allege that he is actually innocent. Consequently, he is barred from raising both of the issues on habeas review. See Shaid, 937 F.2d at 232.

---

[7] The court has renumbered ground VII on page 39 of the motion as ground VIII.

IV.

Order

Therefore,

The court ORDERS that the motion of Jesus Francisco Chavez-Salgado to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED October 20, 2011.

_____
JOHN MCBRYDE
United States District Judge